UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:12-CR-34 |
| | ) | |
| LESLIE ASHMORE | ) | |

## **SUPPLEMENTAL REPORT AND RECOMMENDATION**

In a prior report and recommendation, Document 35, the magistrate judge recommended, *inter alia,* that defendant's motion to suppress be granted to the extent of barring evidence of Agent Jenkins' post-arrest and pre-*Miranda* warning question to defendant: "Do you have anything dangerous or any weapons on you or in the car?" and defendant's answer thereto: "My wife may have a gun in the car." However, the magistrate judge further recommended that evidence of the firearm itself was admissible because the gun would have been inevitably discovered during a lawful search of the vehicle incident to defendant's arrest.

The United States has filed a motion for clarification, (Doc. 37), pointing out that the magistrate judge failed to address a *second* statement made by defendant after he was *Mirandized* by Agent Jenkins. The United States' motion has been granted by separate order, as a result of which this Supplemental Report and Recommendation is submitted.

For the sake of clarity, the relevant facts as recited in the earlier report and recommendation will be reproduced herein, followed by the additional facts pertinent to

defendant's second statement.

*FROM THE ORIGINAL REPORT AND RECOMMENDATION*:

Based upon the evidence obtained by the Kingsport Police Department on October 7, 2011, the United States Attorneys Office had obtained a criminal complaint against defendant, and a federal warrant for his arrest was issued. Special Agent Jamie Jenkins of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, along with a Swat Team from the Kingsport Police Department, orchestrated the arrest of defendant. On October 20, defendant was a passenger in a car driven by a female, Ms. Hutchins. When Hutchins' car was stopped, she was ordered out of the vehicle, and she was promptly handcuffed. Defendant, who was sitting in the front passenger seat, also was ordered to exit the vehicle through the driver's door, and he complied. He too was promptly handcuffed, and he was taken some distance away from the car. Agent Jenkins then approached defendant, identifying himself, and telling defendant that he had a federal warrant for his arrest. Then, as pertinent to this portion of defendant's motion to suppress, Agent Jenkins asked defendant, "Do you have anything dangerous or any weapons on you or in the car?" To that question defendant responded, "My wife may have a gun in the car."[1] It is important to note that Agent Jenkins had not provided defendant with his *Miranda* warnings before posing this question to defendant.

At this point, a Kingsport Police Detective, McQueen, obtained consent (from someone) to search the car.[2] Thereafter, Agent Jenkins *mirandized* defendant.

The ensuing search of the car revealed a handgun beneath the driver's seat, and it is that weapon that forms the basis of the charges in Count Two against defendant.

---

[1] Hutchins was not defendant's wife, but that has no bearing on the resolution of defendant's motion.
[2] Various Kingsport police officers were summonsed to the hearing before the magistrate judge, but McQueen was not one of them.

*ADDITIONAL FACTS*:

The vehicle was searched. Whether it was searched incident to defendant's arrest, or pursuant to the consent obtained by Officer McQueen is beside the point; in either event, it was lawfully searched and the firearm found.

After the firearm was found, and as noted above, Agent Jenkins *Mirandized* defendant. Agent Jenkins asked defendant if the gun was loaded, and defendant

2

responded that it was. He also told Jenkins that he smoked crack daily, took various pain pills, and knew that as a convicted felon he could not lawfully possess firearms.

A "follow-up" incriminating statement made after a previous un-warned statement, even if the follow-up statement was made after administration of a *Miranda* warning, must be suppressed if the second, albeit warned, statement inexorably flowed from the earlier statement. It is the "cat-out-of-the-bag" situation. But that is not the case here. The gun itself was lawfully found. Jenkins' question regarding whether the gun was loaded logically would have been asked even if the first question had never been asked. In other words, the second question was independent of, and legally unrelated to, Jenkins' first question to defendant. Jenkins' post-*Mirandized* question was "purged of the [initial] taint." *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963).

It is recommended that defendant's motion to suppress his statements to Agent Jenkins *after being Mirandized* be denied.[1]

Respectfully submitted,

s/Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).

3