IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:12-CR-034 |
| | ) | |
| LESLIE ASHMORE | ) | |

## MEMORANDUM AND ORDER

At trial, the jury found the defendant not guilty on count one of the indictment, but guilty on count two. Now before the court is the defendant's motion to dismiss the indictment based on his "constitutional rights to a fair trial and due process" [doc. 60].[1] The government has responded in opposition. For the reasons that follow, the defendant's motion will be denied.

I.

*Material Background*

Count two is a felon-in-possession charge pertaining to a .38 caliber revolver discovered by arresting officers on October 20, 2011. The court has previously summarized the events of October 20 as follows:

> [F]ederal officers executed an arrest warrant based on the October 7 firearm possession. On October 20, the defendant was a passenger in a vehicle driven by Misty Hutchins. Agents stopped the vehicle. They ordered Ms. Hutchins out of the car, led her to the rear of the vehicle, and handcuffed her. According to the testimony of ATF Agent Jamie Jenkins, the defendant then

---

[1] *See, e.g., In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process.").

> hesitantly complied with orders to exit the car. Once outside, officers handcuffed him, took him to the rear of the vehicle, and told him they were executing a federal arrest warrant. Agent Jenkins then asked the defendant if he had a gun on his person or in the car. The defendant stated that there might be a revolver in the car belonging to his "wife." Agent Jenkins testified that Director Hank McQueen then received the defendant's consent to search the vehicle.
>
> Agent Jenkins then *Mirandized* the defendant. According to Agent Jenkins' testimony, the defendant made subsequent statements regarding the firearm and his drug use. The search of the vehicle revealed a firearm underneath the rear of the driver's seat, and that is the firearm charged in Count Two of the indictment.

[Doc. 49, p.4] (footnote omitted).

The defendant moved to suppress both the firearm and any pre-*Miranda* statements. Chief United States Magistrate Judge Dennis H. Inman conducted an evidentiary hearing on September 28, 2012. By report and recommendation [doc. 35] and supplemental report and recommendation [doc. 43] (collectively, "R&R"), the magistrate judge recommended that the defendant's October 20 pre-*Miranda* statements should be suppressed, but that his post-*Miranda* statements and the discovery of the firearm should not. Over the defendant's objection, the undersigned adopted the findings of fact and conclusions of law set forth in the R&Rs.

At trial, Agent Jenkins testified that the defendant told him the firearm was loaded and, specifically, that it was a .38 caliber revolver. [Doc. 61, p.9]. The defendant now argues that it is "clear" that the above-referenced statement would have been made prior to being read his *Miranda* rights. According to the defendant, his attorneys "quite frankly

2

were surprised at trial that the government would elicit such testimony that, after a subsequent review of the record, was clearly outside of the Court's previous rulings. In fact, the government's actions circumvented and ignored the Court's previous rulings." [Doc. 60, p.3].

It is the defendant's position that, prior to trial, Agent Jenkins had never before indicated that the defendant identified the gun as a .38 caliber *after* being *Mirandized*. As the court understands the defendant's arguments, it appears that the government and Agent Jenkins are now accused of presenting fabricated testimony in order to sidestep the court's suppression ruling.

II.

*Analysis*

The defendant's arguments are not well-taken. First, Agent Jenkins directly testified that he *Mirandized* the defendant prior to the challenged statements. [Doc. 61, p.9]. The defendant contends that the agent testified that the statements were made before the firearm was discovered, thereby somehow evidencing that the statements were also made before he was read his rights. However, Agent Jenkins' actual testimony was that the statements were made "*after* the firearm was already located." [Doc. 61, p.23] (emphasis added). Quite simply, there were no "government actions" at trial which "circumvented and ignored the Court's previous rulings."

3

To the extent that Agent Jenkins' testimony is alleged to be fabricated, the court notes that defense counsel cross-examined the agent at length on that point. [Doc. 61, p. 16-17, 20-21, 23]. The issue was squarely placed before the jurors, who were well-able to make a credibility determination.

The court also notes the defendant's suggestion that the factual summary contained in the magistrate judge's R&Rs was intended by the court to restrict what post-*Miranda* testimony the government could present. In material part, the background section of the supplemental report and recommendation reads,

> After the firearm was found, and as noted above, Agent Jenkins *Mirandized* defendant. Agent Jenkins asked defendant if the gun was loaded, and defendant responded that it was. He also told Jenkins that he smoked crack daily, took various pain pills, and knew that as a convicted felon he could not lawfully possess firearms.

Doc. 43, p.2-3]. That factual summary was just that - a factual summary. It was in no way intended to limit which post-*Miranda* statements the parties could introduce at trial. The only impact of the court's suppression ruling was that post-*Miranda* statements were in, and pre-*Miranda* statements were out.

The court next turns to the defense argument that it was unaware Agent Jenkins would testify that the defendant admitted (after being read his rights) to knowing that the gun was a .38 caliber. In response, the government states that discovery provided to the defense included Agent Jenkins' contemporaneous notes made on his *Miranda* form, along with Agent Jenkins' grand jury testimony. According to the government, both of these items

4

would have given the defense fair warning. Although the government has not provided the court with a copy of either item for review, it is nonetheless noteworthy that the defendant has not filed a reply in opposition to the government's discovery assertion.

Lastly, the government correctly points out that the defendant did not object to Agent Jenkins' .38 caliber testimony. The issue is thus waived. Fed. R. Evid. 103(a); *United States v. Aguirre*, 605 F.3d 351, 356 (6th Cir. 2010).

III.

*Conclusion*

The pending motion to dismiss [doc. 60] is **DENIED**. The defendant remains set for sentencing at 10:00 a.m. on Tuesday, April 30, 2013, in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge